Warren W. Borsch and Elizabeth Borsch v. Commissioner.
Borsch v. Commissioner
Docket No. 93798.
United States Tax Court
T.C. Memo 1963-134; 1963 Tax Ct. Memo LEXIS 211; 22 T.C.M. (CCH) 647; T.C.M. (RIA) 63134; May 16, 1963
*211 Alvin L. Prichard, Sr., for the petitioners. Dennis M. Feeley for the respondent. WITHEY
Memorandum Opinion WITHEY, Judge: The respondent determined deficiencies in income tax for the taxable years 1958 and 1959 in the amounts of $2,368.23 and $2,240.22, respectively. The issue presented is whether petitioners may properly deduct from their gross income purported rental payments made to four trusts. All of the facts have been stipulated and are so found. Petitioners are individuals residing in Jefferson County, Kentucky. They filed joint Federal income tax returns for the calendar years 1958 and 1959 with the district director at Louisville, Kentucky. At all times material herein petitioners owned real property with the improvements thereon located at 3706 West Market Street, Louisville, Kentucky. The building thereon was of two stories, in the lower of which petitioner husband carried on his medical practice and the upper of which, together with a portion of the lower floor, consisted of an apartment which during 1957 was rented to others at $65 per month. Throughout the taxable years 1957, 1958, and 1959 the petitioners were the owners of the real property *212 and the improvements thereon which are the subject of the controversy herein. On April 1, 1957, without a trust estate created by a transfer of property to a trust, petitioners' firm of accountants, called "Trustees" therein, executed a lease to petitioner husband of the real property first referred to. The lease called for a rental of $375 per month. On the same date [1] four separate instruments entitled "Trust Agreement" were executed by petitioners as Settlors. Although the lease speaks of the first above-mentioned property as having been conveyed to a trust on April 1, 1957, and the agreement is couched in terms which would indicate the property had been so conveyed prior to April 18, 1957, the record is devoid of any evidence whatsoever that such a conveyance ever took place. Without discussing the obvious infirmities of the "Trust Agreements" we hold any moneys paid by petitioners to the *213 "Trustees" designated in their 1958 and 1959 income tax returns as rentals and deducted as a business expense were not rentals but mere gifts paid without any legal obligation whatever and bearing no more than a sham relationship to the conduct of petitioner husband's business. Obviously the "Trustees," so-called, could not on April 1, 1957, lease to anyone property in which they held no interest. Obviously the so-called trust never attained the status of a trust because no asset of any kind was conveyed to it. Absolutely nothing of a tax consequence has occurred because of any transaction disclosed by this record. The respondent's disallowance of the business rental expense deductions is therefore sustained. Decision will be entered for the respondent. Footnotes
1. By rather strained deduction from the wording of paragraphs 4 and 5 of the stipulation of facts it is concluded that although the four trust agreements are dated April 18, 1957, they may have been actually executed on April 1, 1957, contemporaneously with the execution of the lease.↩